NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ALBERTO CHAVEZ RODELO, a.k.a. Alberto Rodelo Chavez, a.k.a. Alberto Rodelo-Chavez, Defendant-Appellant. | No. 17-10166 D.C. No. 2:16-cr-00396-JAT MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted January 16, 2018[**]

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Alberto Chavez Rodelo appeals from the district court's judgment and

challenges the 71-month sentence imposed following his jury-trial conviction for

reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Rodelo first argues that the district court erred when it refused to apply a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. We review the district court's decision to deny the adjustment for abuse of discretion and its underlying factual findings for clear error. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The district court did not abuse its discretion. Contrary to Rodelo's argument, the district court did not deny the adjustment because Rodelo went to trial, but rather because he failed to accept responsibility for his actions. The court did not clearly err in finding that Rodelo had not expressed genuine contrition prior to sentencing, *see United States v. Rodriguez*, 851 F.3d 931, 949 (9th Cir. 2017), and the statements Rodelo made at sentencing were insufficient to warrant the adjustment. *See United States v. Martinez-Martinez*, 369 F.3d 1076, 1090 (9th Cir. 2004).

Rodelo also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Rodelo's criminal history. *See Gall*, 552 U.S. at 51.

17-10166

We decline to consider Rodelo's claim concerning the court's calculation of the Guidelines range, which he raised for the first time in his reply brief. *See United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir. 1995).

**AFFIRMED.**